IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY STITT,             )<br>            Plaintiff,     )<br>                          )<br>    v.                    )<br>                          )<br>C. WILBER, et al.,         )<br>            Defendants.   )<br>_____ ) | No. C 12-1552 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at Pelican Bay State Prison, improperly found that he remained an active gang associate and based upon that finding retained him in administrative segregation. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff alleges that Defendant Wilber was assigned to review Plaintiff's status as a validated gang associate.  These reviews are conducted every 180 days.  Plaintiff was validated by prison investigators as an associate of the Black Guerilla Family gang based upon evidence that Plaintiff had knowledge about the gang.  Based upon this validation, Wilber found that Plaintiff remained an active gang associate and ordered him to remain in administrative segregation pending his transfer to a Segregated Housing Unit ("SHU").  According to Plaintiff, in order to be sent to the SHU, there must be evidence not only that he has been "validated" as a gang associate, but also that he engaged in some form of "gang activity."  Plaintiff claims that there was no evidence of Plaintiff's "conduct" engaging in "gang activity," and as a result, the order to send him to the SHU was improper.

|   |   |
|---|---|
| 1 | To begin with, Plaintiff's segregation does not violate the Due Process Clause. |
| 2 | *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). His placement in |
| 3 | segregation would violate state created liberty interest protected by the federal |
| 4 | constitutional right to due process, provided that (1) state statutes or regulations narrowly |
| 5 | restrict the power of prison officials to impose the deprivation, i.e., give the inmate a |
| 6 | kind of right to avoid it, and (2) the liberty in question is one of "real substance." *Sandin* |
| 7 | *v. Conner*, 515 U.S. 472, 477-87 (1995). Generally, "real substance" will be limited to |
| 8 | freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate |
| 9 | in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will |
| 10 | inevitably affect the duration of [a] sentence," *id.* at 487. |
| 11 | Mere placement in administrative segregation is not enough to state claim after |
| 12 | *Sandin. See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). While indefinite |
| 13 | placement in the SHU may amount to a deprivation of "real substance," *see Wilkinson v.* |
| 14 | *Austin*, 545 U.S. 209, 223-25 (2005), Plaintiff's placement in the SHU in this case is not |
| 15 | allegedly indefinite, nor does it appear to be insofar as his placement is periodically |
| 16 | reviewed. Such periodic reviews comports with due process. *See Hewitt v. Helms*, 459 |
| 17 | U.S. 460, 477 n.9 (1983). In any event, even if the SHU order amounted to a deprivation |
| 18 | of "real substance" within the meaning of *Sandin,* Plaintiff alleges no state regulation or |
| 19 | statute requiring more than an inmate's validation as a gang associate to warrant his |
| 20 | placement in the SHU, let alone requiring evidence that the inmate also engaged in |
| 21 | conduct that constituted gang-related activity. Therefore, defendants' power to impose |
| 22 | the deprivation has not been "narrowly restricted" by state law under *Sandin*. Finally, |
| 23 | even if Defendants' actions implicated a procedurally protected liberty interest, Plaintiff |
| 24 | was not deprived of the process to which he is due. There is no authority that due |
| 25 | process requires more evidence than that the inmate has been validated by investigators |
| 26 | as an associate of a gang, such as evidence that he engaged in gang-related conduct, in |
| 27 | order to be placed in the SHU. *See Toussaint*, 801 F.2d at 1105 (citing Hill, 472 U.S. at |
| 28 | 455) (due process is satisfied as long as there is some evidence that could support the |

conclusion reached by prison officials).

Plaintiff's complaint that he is not in fact an active associate of a gang, even if true, does not amount a due process violation because the fact that a prisoner may have been placed incorrectly in administrative segregation does not raise a due process issue; the Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994).

The allegations in the complaint that Defendants have wrongly found him to be a gang associate, or that the finding was only supported by his validation as a gang associate, evidence of him engaging in gang-related conduct, activity. Consequently, his complaint, even when liberally construed, does not state a cognizable claim for relief and will be dismissed.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 9, 2012

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

ANTHONY STITT,

        Plaintiff,

  v.

C. WILBER, et al.,

        Defendant.
                                       /

Case Number: CV12-01552 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Stitt #J95688
Pelican Bay State Prison
A1-221
P.O. Box 7500
Crescent City, CA 95532

Dated: October 9, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk